**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **K.C. and K.W.**

**No. 24-355** (Kanawha County CC-20-2022-JA-421 and CC-20-2022-JA-422)

## MEMORANDUM DECISION

Petitioner Mother A.C.[1] appeals the Circuit Court of Kanawha County's April 17, 2024, order terminating her parental rights to K.C. and K.W., arguing that termination was erroneous because the conditions underlying the petition could have been corrected within a reasonable amount of time.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In October 2022, the DHS filed a petition alleging that the petitioner abused and neglected the children as a result of deplorable home conditions and physical abuse perpetrated by the petitioner's boyfriend, A.D., on K.W. The DHS further alleged that both the petitioner and A.D. had active warrants for fraudulent schemes, pursuant to which the petitioner was arrested. The petitioner waived her right to a preliminary hearing and the court entered an order directing the DHS to provide services to the petitioner, including parenting and adult life skills, supervised visits, random drug screens, and domestic violence counseling.

At an adjudicatory hearing in November 2022, the petitioner voluntarily stipulated to the uninhabitable housing conditions. Accordingly, the circuit court adjudicated the petitioner of neglecting the children on this basis. In addition to the services already provided, the court ordered the DHS to provide the petitioner with a family unification plan letter so that she could obtain housing appropriate for her and her children. The court also conditioned the petitioner's visitation

---

[1] The petitioner appears by counsel Sandra K. Bullman. The West Virginia Department of Human Services appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel. Counsel Jennifer R. Victor appears as the children's guardian ad litem.

Additionally, pursuant to West Virginia Code § 5F-2-1a, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated. It is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. *See* W. Va. Code § 5F-1-2. For the purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

with the children on three clean drug screens or the petitioner's procurement of a medical cannabis card, which the court ordered the DHS to assist the petitioner in acquiring.

At a hearing in January 2023, the court considered the petitioner's motion for a post-adjudicatory improvement period, which included a request for a furniture voucher, unsupervised visitation, and family counseling with K.W. The petitioner indicated that she and A.D. had rekindled their relationship, despite the allegations against A.D. Based on this disclosure, the court denied the petitioner's motion. The petitioner was warned that she would not regain custody of the children while she was in a relationship with A.D.

The petitioner then filed a motion for a post-dispositional improvement period, which the court addressed at a hearing in March 2023. The court noted that the petitioner allowed A.D. to have contact with the children, both in-person and through text with K.W. Notwithstanding the petitioner's admission that she still lived with A.D., the court granted the petitioner's motion based on her compliance with the services offered to her. However, the court prohibited her from visiting the children with A.D. or allowing A.D. to contact K.W. in light of the physical abuse allegations. The court also stated that the children would not be returned to the petitioner's custody while she lived with A.D. At the next hearing, the petitioner informed the court that she was homeless after separating from A.D. and the court ordered the DHS to pay the petitioner's security deposit for new housing. In August 2023, the court granted the petitioner a ninety-day extension to her improvement period based on her substantial compliance. However, the court terminated the petitioner's improvement period in November 2023 after the petitioner was incarcerated on felony charges, including grand larceny.

The court held dispositional hearings in January and March 2024. At the January hearing, the petitioner tested positive for marijuana. The court further ordered that K.C., who had been living with A.D.'s parents, be moved to a new placement because A.D.'s parents allowed the petitioner to secretly reside in the house.[3] At the final dispositional hearing in March 2024, a Child Protective Services worker stated that the petitioner failed to participate in services she requested following her release from incarceration and failed to obtain suitable housing despite being provided a family unification plan letter by the DHS. The court also took notice of the petitioner's guilty plea and sentencing in her criminal proceedings. At the conclusion of the hearing, the court found that the uncontroverted evidence showed that the petitioner did not follow through with the case plan or participate in services offered. Further, the court found that termination of the petitioner's parental rights was necessary for the children's welfare and that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. Accordingly, the court terminated the petitioner's parental rights to the children.[4] It is from the dispositional order that the petitioner appeals.

---

[3] The record shows that K.W. ran away from her placement sometime in June 2023 but was later found and her placement was addressed in her separate juvenile proceedings.

[4] The parental rights of K.C.'s father were also terminated. The permanency plan for K.C. is adoption in his current placement. K.W. has reached the age of majority.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews that circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Given that the petitioner challenges the termination of her parental rights, we note that West Virginia Code § 49-4-604(c)(6) authorizes a circuit court to terminate the parental rights of an abusing parent "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child." The petitioner argues that the circuit court should not have terminated her parental rights because she could have obtained suitable housing in a reasonable amount of time, in effect challenging the court's finding that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. Critically, however, the petitioner does not challenge any of the factual findings upon which the court made this determination. This includes findings that the petitioner failed to obtain appropriate housing even with extensive DHS assistance, comply with court orders, or participate in services following her release from incarceration. The court placed significant emphasis on the petitioner's failure to obtain proper housing in the seventeen-month period preceding the dispositional hearing, her furtive residence at K.C.'s placement, and her positive drug screen. Based on this evidence, the court concluded that the petitioner demonstrated an inadequate capacity to solve the problems of neglect on her own or with help, which is the definition of "[n]o reasonable likelihood that conditions of neglect . . . can be substantially corrected." W. Va. Code § 49-4-604(d). Therefore, the petitioner is entitled to no relief on this basis. Further, as the petitioner does not challenge the circuit court's finding that termination of her parental rights was necessary for the child's welfare, we conclude that the court did not err in terminating her parental rights. *See In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, Syl. Pt. 4 ("[C]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." (quoting *In re R.J.M.*, 164 W. Va. 496, 26 S.E.2d 114 (1980)).

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 17, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: May 6, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice C. Haley Bunn
Justice Charles S. Trump IV